UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LINDA ELAINE MATTA,<br><br>      Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>      Defendant. | No. CV-09-3030-CI<br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION FOR SUMMARY JUDGMENT<br>AND REMANDING FOR AN<br>IMMEDIATE AWARD OF BENEFITS |

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 13, 15.) Attorney Thomas A. Bothwell represents Linda Matta (Plaintiff); Special Assistant United States Attorney Terrye E. Shea represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. (Ct. Rec. 6.) After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment, and remands the matter to the Commissioner for an immediate award of benefits.

**JURISDICTION**

On October 28 2003, Plaintiff applied for Disability Insurance benefits (DIB) and Social Security Income (SSI) benefits. (Tr. 61-63, 348-50.) Plaintiff alleged disability due to severe vertigo and hepatitis C, with an amended onset date of December 27, 2001, her

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS - 1

fiftieth birthday. (Tr. 81, 404.) Benefits were denied initially and on reconsideration. Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ Richard Say on May 24, 2007. (Tr. 13, 398-418.) Plaintiff, who was represented by legal counsel, and vocational expert Dan McKinney (VE) testified. The ALJ denied benefits and the Appeals Council denied review. (Tr. 13-21, 6-8.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF THE CASE

The facts of the case are set forth in detail in the transcript of proceedings, and are briefly summarized here. Plaintiff was 55 years old at the time of the hearing. (Tr. 401.) She was widowed and lived in a house with her 19 year old son. (Tr. 404.) Plaintiff had a high school equivalency degree and had worked as a food server since 1987. (Tr. 82.) She testified she had always enjoyed her work, but no longer could carry trays and hot food safely due to her severe vertigo. (Tr. 406-07.) She reported she worked as a food server sporadically from 2003 to 2005, and in 2006 and 2007, she worked some answering telephones and taking orders at the restaurant. (Tr. 407.) She stated she could not work full-time because of dizziness, liver swelling, fatigue and her need to lie down a lot. (Tr. 408.) Plaintiff testified she was told not to lift more than a gallon of milk, but she could sit without a problem, could walk a half hour to the store, and could stand for an hour before having to sit and tip her head to relieve pressure in her head. (Tr. 410.) She stated her vertigo caused problems with chronic nausea and vomiting, and she did not feel safe driving due to dizziness. (Tr. 410-412.)

**ADMINISTRATIVE DECISION**

The ALJ Say found Plaintiff met insured status requirements for DIB purposes through December 31, 2008. (Tr. 15.)  At step one of the sequential evaluation, he found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (*Id.*) At step two, he found Plaintiff had severe impairments of left shoulder impingement post repair and balance disturbance. (Tr. 16.) He found Plaintiff was diagnosed with hepatitis C in late 2000, but it was asymptomatic and did not require treatment, and was therefore non-severe. (*Id.*)  He also found her right shoulder injury, and diagnosed right shoulder "AC joint arthrosis with mild subacromial impingement syndrome," were a non-severe impairments. (*Id.*)  At step three he found Plaintiff's impairments alone or in combination, did not meet or medically equal an administratively recognized level impairment listed in Appendix 1, Subpart P, Regulations No. 4 (Listings). (*Id.*)

The ALJ then found Plaintiff's statements concerning the severity of symptoms caused by her medical conditions were not entirely credible. (Tr. 18-19.)  He determined she had the residual functional capacity (RFC) to perform less than the full range of light work and identified several non-exertional limitations. (Tr. 17.)  Continuing the step four evaluation, and considering the evidence of record and VE testimony, the ALJ determined Plaintiff could still perform her work as a "waitress"; and, therefore, she was not under a disability through the date of his decision. (Tr. 19-22.)

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS - 3

court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner*, 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

**SEQUENTIAL PROCESS**

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.

> In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Plaintiff argues the ALJ erred when he (1) improperly rejected opinions from treating and examining doctors; (2) improperly rejected her testimony; and (3) found she could still perform her past relevant work as a food server. (Ct. Rec. 14 at 12.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS - 5

**DISCUSSION**

**I.  Credibility**

The Commissioner's credibility determination must be supported by findings sufficiently specific to permit the court to conclude the ALJ did not arbitrarily discredit claimant's testimony. *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc).  The ALJ may consider a claimant's reputation for truthfulness, inconsistencies either in testimony or between her testimony and conduct, her daily activities, work record, and testimony from physicians and third parties concerning the alleged symptoms. *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). If there is no affirmative evidence that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's testimony regarding the severity of symptoms. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).

The ALJ engages in a two-step analysis in deciding whether to admit a claimant's subjective symptom testimony. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).  Under the first step, the claimant must produce objective medical evidence of an underlying medically determinable impairment, and must show that the impairment, or a combination of impairments, "could reasonably be expected to produce pain or other symptoms." *Cotton v. Bowen*, 799 F.2d 1403, 1405 (9th Cir. 1986).  Once the *Cotton* test is met, the ALJ must evaluate the credibility of the claimant. In addition to ordinary techniques of credibility evaluation, the ALJ may consider the following factors when weighing the claimant's credibility: the claimant's reputation for truthfulness, inconsistencies either in her allegations of limitations or between her statements and

conduct, daily activities and work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the alleged symptoms. *Fair v. Bowen*, 885 F.2d 597 n.5 (9th Cir. 1989); *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). If the ALJ's credibility finding is supported by substantial evidence in the record, the court may not engage in second-guessing. *See Morgan*, 169 F.3d at 600; *Fair*, 885 F.2d at 604 ("Credibility determinations are the province of the ALJ."). However, an ALJ's failure to articulate "clear and convincing" reasons for rejecting Plaintiff's subjective complaints regarding the severity of his pain and limitations is reversible error. *Orn v. Astrue,* 495 F.3d 625, 640 (9th Cir. 2007).

After summarizing Plaintiff's testimony, ALJ Say found her impairments could be expected to cause her alleged symptoms, but her statements were not entirely credible because: (1) there was nothing in the record indicating she was told not to lift more than a gallon of milk; (2) the medical evidence was inconsistent with her statement that she still has problems lifting her left arm; (3) in December 2003, she reported she could still do household chores, pull weeds and mow the lawn if her vertigo and nausea were not bad, but claimed no limitations due to her left shoulder/arm; and (4) there was no evidence in the medical record Plaintiff "needs a cane to ambulate." (Tr. 19.) An independent review of the record indicates the ALJ's credibility reasons are not "clear and convincing," or legitimate.

Plaintiff's 2003 function report is not inconsistent with her complaints or the medical record. She stated her primary impairment in October 2003 was vertigo. (Tr. 81, 88.) In December 2003, she

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS - 7

candidly reported she could occasionally lift twenty pounds, and she did her chores and yard work when her vertigo was not bad. She stated she could do dishes for 20 minutes and vacuum for a half hour, depending on her symptoms. She also reported she could cook when not nauseous, could do dishes leaning on the counter and vacuum depending on her balance. (Tr. 122.)

Discrediting Plaintiff's December 1, 2003, report because she did not list limitations in the use of her arms, is error. Plaintiff reported she fell on her left shoulder in 2004, and after the immediate pain improved, she began to experience significant pain in the summer of 2004, at which time she sought medical care. (Tr. 257, 264.) Imaging in July 2004 suggested an intra-substance tear which was surgically corrected in November 2004. (Tr. 268.) Therefore, it appears that at the time she completed the December 2003 report, she had not yet injured her left shoulder, or sought treatment. The ALJ's reasons for discrediting Plaintiff's 2003 report as inconsistent are not supported by substantial evidence.

It is also noted Plaintiff's self-reported limitations are not inconsistent with her December 2004 function report. (Tr. 147-54.) She again reported limitations in daily activities caused by vertigo and nausea, and noted she had problems with reaching and lifting because of surgery on her rotator cuff. (*Id*.) These earlier reports are consistent with her hearing testimony in which she reported difficulty in standing for more than an hour because of vertigo and vomiting, and a reluctance to drive because of dizziness. (Tr. 409.) Her testimony that she was told not to lift more than a gallon of milk and is experiencing some pain from the past surgery and her recent right shoulder injury, is not unreasonable in light

of medical history and documentation of a recent injury to her right shoulder. It is noted on review that Plaintiff was seen in January 2005, post left shoulder surgery, and instructed to continue working on range of motion and strengthening exercises. (Tr. 329.) In this case, where clinic notes establish ongoing care, the omission of one routine recommendation in clinic notes is not a "clear and convincing" reason to discredit a claimant's testimony.

Finally, the ALJ's finding regarding Plaintiff's need for cane misstates the evidence. The record shows in her December 2004 Function report, Plaintiff reported she used a cane, but she did not state she needed one "to ambulate." (Tr. 153.) She specifically indicated that the cane was <u>not</u> prescribed by a doctor, and that she used it at the store and on "bad days" at home. (*Id*.) This explanation of her limited use of a cane for balance when one of her severe impairments is a "balance disturbance" is not a legitimate basis for impugning Plaintiff's credibility.

At the hearing, Plaintiff candidly stated she took care of her personal hygiene, cooked some for her son (who has spina bifida) and herself, and did dishes, but not daily. (Tr. 148, 410-11.) These activities are not inconsistent with an inability to perform light work. The court has held consistently that a claimant will not be penalized for trying to lead a normal life, and does not have to be "utterly incapacitated" to qualify for disability benefits. *Fair*, 885 F.2d at 603. The sporadic daily activities described by Plaintiff are not transferrable to a regular work environment and are not inconsistent with Plaintiff's claimed limitations. *Reddick v. Chater,* 157 F.3d at 722; *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987). The ALJ's finding that Plaintiff's limited activities

of daily living are inconsistent with her subjective symptom complaints is not supported by the record.

The ALJ also reasoned Plaintiff's complaints are not supported by the medical evidence. Although medical evidence is a factor to consider in assessing credibility, without other "clear and convincing reasons," a lack of objective medical evidence to support severity is an insufficient reason for rejecting a claimant's testimony. *Bunnell*, 947 F.2d at 345-47; *SSR* 96-7p. Further, in this case, treating physicians and specialists who examined Plaintiff did not question her credibility, and opined the etiology of her symptoms was unknown. (*See, e.g.,* Tr. 179, 184, 232, 236, 247, 338, 341.) Plaintiff's self-reported symptoms are consistent with her established impairments and symptoms she reported to medical providers. Results of objective testing by Dr. Gates at the University of Washington Dizziness and Balance Center, showed a dysfunctional pattern of balance of unknown etiology. (Tr. 200-230.) Based on his examination and testing, Dr. Gates concluded she exhibited "nonvestibular dizziness and vomiting." (Tr. 230.) Although physicians suspected different etiology or were at a loss for etiology, the inability of the medical experts to agree on a diagnosis, or the origin of symptoms, does not reflect on Plaintiff's credibility.

The ALJ's findings that Plaintiff's statements are not entirely credible are not supported by "clear and convincing" reasons or the record. His failure to support his credibility determination with legally sufficient reasons is reversible error.

**II.  Step Four - RFC Findings and Past Relevant Work**

At step four, the Commissioner makes RFC findings, and

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS - 10

determines if a claimant can perform past relevant work. Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion. *SSR* 82-62. This is done by looking at the "residual functional capacity and the physical and mental demands" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv) and 416.920(a)(4)(iv).

At step four, the ALJ determined Plaintiff had the residual functional capacity (RFC) for less than a full range of light work with the following restrictions:

> The claimant can lift 20 pounds occasionally and frequently lift or carry 10 pounds. The claimant can sit for two hours and stand or walk for six hours in an eight hour workday. The claimant can occasionally reach overhead with her left arm. The claimant can frequently stoop, crouch, crawl, kneel, balance, and climb stairs and ramps. She should never climb ladders, ropes or scaffolds. She should avoid heights and moving machinery. She should also avoid noisy environments. The claimant is afflicted with symptoms from various sources including mild to moderate chronic pain which of sufficient severity to be noticeable to her at all times, but she would be able to remain attentive and responsive to a work setting and could carry out normal work assignments satisfactorily. The claimant is also capable of performing sedentary work.

(Tr. 17.) Based on testimony from the VE, the ALJ found Plaintiff could still perform her past relevant work as a food server. (Tr. 20.)

**A.   RFC Findings**

The RFC assessment is a description of a claimant's ability to perform work-related activities. It is based upon all relevant evidence in the record, including the claimant's own statement. *SSR* 96-5p. As discussed above, the ALJ erred in rejecting Plaintiff's testimony and her functional reports regarding limitations caused by

her medically determinable impairments. Because the ALJ improperly excluded limitations described by Plaintiff, the RFC determination is not complete. In addition, the ALJ's RFC findings are not supported by medical evidence.

The ALJ stated he gave limited weight to an agency RFC assessment dated July 5, 2005, and signed by non-examining agency physician Howard Platter, M.D. (Tr. 19.) The opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician. *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995); *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990) (conclusion of non-examining physician entitled to less weight than examining physician). Based on a review of medical records from 2004, Dr. Platter opined Plaintiff could perform medium work, with non-exertional limitations that are substantially the same as those in the ALJ's 2007 RFC. (Tr. 17, 273-74.) Dr. Platter's report, however, is not supported by the medical evidence in its entirety or Plaintiff's improperly rejected statements. Thus, Dr. Platter's report is not substantial evidence to support the ALJ's RFC finding that although Plaintiff cannot perform the medium level work assessed by Dr. Platter, she can "frequently, stoop, crouch, crawl, kneel, balance, and climb stairs and ramps," that she has unlimited use of her right arm, and she can occasionally reach overhead with her left arm. (Tr. 273-75.)

At step four, the ALJ also erroneously rejected the opinions of Plaintiff's examining physician, Tarique Ahmed, M.D., who examined Plaintiff in May 2007. (Tr. 284-87.) "As is the case with the opinion of a treating physician, the Commissioner must provide

'clear and convincing' reasons for rejecting the uncontradicted opinion of an examining physician." *Lester*, 81 F.3d at 830.  If the opinion is contradicted, it can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record.  *Andrews*, 53 F.3d at 1043 (9th Cir. 1995).  An examining physician's opinion based on independent clinical findings can constitute substantial evidence.  *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

The ALJ gave little weight to Dr. Ahmed's opinions because of a perceived inconsistency in the report, and because the exam was performed for state benefits.  (Tr. 20.)  Neither reason is legally sufficient.  First, the ALJ reasoned that Dr. Ahmed, who examined Plaintiff in May 2007, opined Plaintiff was unable to work due to right shoulder pain, but then contradicted himself when he opined she could do sedentary work.  (*Id.*)  However, a review of the record shows no contradiction.  Plaintiff's occupation has always been as a food server, which the VE testified is medium to light level work. (Tr. 414.)  Thus, it is not contradictory for Dr. Ahmed to opine Plaintiff was unable to perform her work as a food server because of vertigo and "rt rotator cuff injury," but found her "overall work level" was sedentary.  (Tr. 286.)  Further, the ALJ's reasoning that Dr. Ahmed's evaluation warranted little weight because it was for state public assistance eligibility is not a legitimate reason. *Lester,* 81 F.3d at 832 (purpose for which evaluation obtained is not a legitimate basis for rejection).  The ALJ's RFC findings are not supported by substantial evidence and are based on legal error.

### B.   Past Relevant Work

Past relevant work is work performed in the last 15 years,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS - 13

lasted long enough to learn it and was substantial gainful employment. *SSR* 82-61. In finding that an individual has the capacity to perform a past relevant job at step four, the ALJ's decision must contain among the findings the following specific findings of fact:

    1.   A finding of fact as to the individual's residual functional capacity;

    2.   A finding of fact as to the physical and mental demands of the past job/occupation; and

    3.   A finding of fact that the individual's residual functional capacity would permit a return to his or her past job or occupation. *SSR* 82-62.

These findings must be based on the evidence in the record and must be developed and fully explained in the disability decision. Evidence of the physical and mental requirements of a particular job may be found in the *Dictionary of Occupational Titles* (*DICOT*), other administratively recognized publications, or vocational expert testimony. *SSR* 82-61. Vocational experts are used most often at an ALJ hearing. *SSR* 00-4p. Step four requires specific findings on all three points sufficient "to insure that the claimant really can perform his past relevant work." *Pinto v. Massanari,* 249 F.3d 840, 845 (9th Cir. 2001); *see also SSR* 00-40.

As discussed above, the ALJ's RFC assessment was erroneous. The ALJ presented the incomplete RFC discussed above in the form of a hypothetical question to the VE. (Tr. 414.) Because the VE's opinion was based on a hypothetical that did not include Plaintiff's improperly rejected limitations such as frequent vertigo/dizziness, vomiting, and nausea, and restrictions due to left and right

shoulder injury, or Dr. Ahmed's improperly rejected opinions, the ALJ's finding that she could still work on a regular and sustained basis as a food server is not supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

In addition, the ALJ did not make the specific findings regarding the exertional and non-exertional requirements of Plaintiff's past work.  The vocational expert simply referred to the *DICOT,* and noted Plaintiff testified her past work involved lifting and carrying 100 pounds, which she could no longer perform, but he found Plaintiff could perform the job as generally described by the *DICOT*.  (Tr. 414.)  This is reversible error.  The regulations state that "[f]inding that a claimant has the capacity to do past relevant work on the basis of a generic occupational classification of the work is likely to be fallacious and unsupportable."  *SSR* 82-61; *see also Pinto*, 249 F.3d at 845 (reliance on the *DICOT* alone was not sufficient basis for a finding that claimant can perform past relevant work).  Further, the ALJ found Plaintiff should avoid noisy environments, and the *DICOT* rates the noise level for food server jobs as "moderate."  *DICOT,* 4th ed., rev. 1991, 311.477-030 (Waitress). There is no testimony or other evidence regarding what constitutes a "moderate" level of noise or what level is present in Plaintiff's past work as performed.

Although the VE testified, and counsel conceded, there were many unskilled light jobs in the economy that the hypothetical individual presented could perform, (Tr. 415-16 ), the hypothetical relied upon by the VE was incomplete; therefore, the ALJ erroneously relied on the VE opinions at step four.  *Magallanes,* 881 F.2d at 756.  Because the ALJ's step four findings are not supported by

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS - 15

substantial evidence, that Commissioner did not meet his burden at step four to show Plaintiff could still perform her past work as a waitress.

**III. Remedy**

Where the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, the opinion is credited "as a matter of law." Further, where a claimant's testimony is improperly rejected, and the claimant would be disabled if her statements were credited, remand for benefits is appropriate. *Orn v. Astrue*, 495 F.3d 625, (9th Cir. 2007); *Benecke v. Barnhart*, 379 F.3d 587, 595(9th Cir. 2004).

Here, the ALJ did not provide legally sufficient reasons for rejecting Plaintiff's testimony that her symptoms prevented her from working as a waitress, and Dr. Ahmed's opinion that Plaintiff's impairments limited her to sedentary work. The Medical Vocational-Guidelines direct a finding of "disabled" for an individual over 50 who can perform only sedentary work. 20 C.F.R. Pt. 404, Subpart P, App. 2. (Tr. 416.) The record is clear that the ALJ would be required to find claimant disabled if the improperly rejected evidence is credited, and there are no outstanding issues to resolve in further proceedings. Because no useful purpose would be served by remand for additional proceedings, remand for an award of benefits is warranted. *Benecke,* 379 F.3d at 595; *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004). Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13 )** is **GRANTED** and the matter is remanded to the Commissioner for calculation and immediate award of benefits.

1     2.    Defendant's Motion for Summary Judgment **(Ct. Rec. 15)** is
2 **DENIED;**
3     3.    Application for attorney's fees may be filed by separate
4 motion.
5     The District Court Executive is directed to file this Order and
6 provide a copy to counsel for Plaintiff and Defendant. Judgment
7 shall be entered for **PLAINTIFF** and the file shall be **CLOSED**.
8     DATED March 29, 2010.

                      S/ CYNTHIA IMBROGNO
              UNITED STATES MAGISTRATE JUDGE